UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HERIEGEL | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| THE CBE GROUP, INC. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, William Heriegel, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, William Heriegel, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides here.

## III. PARTIES

4. Plaintiff, William Heriegel, is an adult natural person residing at 19 Melrose Drive, Clementon, NJ 08021. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, The CBE Group, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in the State of New Jersey with a principal place of business located at 1309 Technology Parkway, Cedar Falls, IA 50613

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff received a letter from Defendant dated November 23, 2010 stating that they were hired to collect a $99.40 balance owed to Verizon. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

8. Plaintiff disputes any alleged debt owed to Verizon.

9. In response to Defendant's letter, Plaintiff retained the services of Bruce K. Warren, Esquire and as a result, a request for debt validation was mailed to Defendant by Plaintiff's counsel in a letter dated January 4, 2011.  See a copy of the letter appended hereto and marked "**EXHIBIT B**".

10. Also in the letter marked "**EXHIBIT B**" Plaintiff's counsel also specifically requested that all future communication be directed to counsel's office.

11. Several months later, Plaintiff received a letter dated April 12, 2011 that provided validation but was sent directly to Plaintiff.  See a copy of the letter appended hereto and marked "**EXHIBIT C**".

12. Not only was Defendant completely aware that Plaintiff had retained an attorney given the fact that it responded to a letter sent by Plaintiff's attorney, but Plaintiff's counsel had previously asked that Defendant cease all anticipated future communication to Plaintiff.

13. Defendant chose to ignore the request of Plaintiff's counsel and instead contacted Plaintiff directly in an effort to coerce payment by way of harassment and annoyance.

14. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

### COUNT I – FDCPA

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive
>
> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(2): Character, amount, or legal status of the alleged debt
>
> § 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: May 19, 2011

BY: */s/ Bruce K. Warren*
Bruce K. Warren, Esquire
**BY: */s/ Brent F. Vullings***
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff